IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| HERSHEL V. DUNN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 08-G-1651-NE |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**MEMORANDUM OPINION**

The plaintiff, Hershel V. Dunn, Jr., brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239..

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f). The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;

    (2)    whether he has a severe impairment;

    (3)    whether his impairment meets or equals one listed by the Secretary;

    (4)    whether the claimant can perform his past work; and

>    (5)    whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. Id.

In the instant case, ALJ Earl C. Cates, Jr., determined the plaintiff met the first two tests, but concluded that while he has an impairment or impairments considered "severe," he did not suffer from a listed impairment. The ALJ found the plaintiff unable to perform his past relevant work. Once it is determined that the plaintiff cannot return to his prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do." Foote, at 1559. Furthermore, when, as is the case here, a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical-Vocational Guidelines (the grids). Foote, at 1558-59. The presence of a non-exertional impairment, pain, also prevents exclusive reliance on the grids. Foote, at 1559. In such cases "the [Commissioner] must seek expert vocational testimony." Foote, at 1559.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and

4

satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## WHEN THE CLAIMANT HAS MULTIPLE IMPAIRMENTS

When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

## WHEN ADDITIONAL EVIDENCE IS SUBMITTED
## TO THE APPEALS COUNCIL

Claimants are permitted to submit new evidence at each step of the review process, 20 C.F.R. § 404.900(b)("In each step of the review process, you may present any information you feel is helpful to your case. [W]e will consider at each step of the review process any information you present as well as all the information in our records."). The Appeals Council is required to consider the entire record, "including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b); Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994).

To be material the proffered evidence must be "relevant and probative so that there is a reasonable possibility that it would change the administrative result." Caulder, at 877. A review of the evidence submitted to the Appeals Council demonstrates that it meets all of the requirements of the regulations for consideration by the Appeals Council. Because the Appeals Council actually considered the evidence, the court will only review whether the Appeals Council committed reversible error in refusing to review the plaintiff's case in light of that evidence. The Regulations require the Appeals council to "review the case if it finds that the administrative law judge's action, findings, or

conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b).

Moreover, a "district court must consider evidence not submitted to the administrative law judge but considered by the Appeals Council when the court reviews the Commissioner's final decision denying Social Security benefits." Ingram v. Astrue, 496 F.3d 1253, 1258 (11th Cir. 2007). "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Ingram at 1262.

> In Bowen v. Heckler, the claimant filed evidence in the Appeals Council, which considered the evidence but denied review. 748 F.2d 629 (11th Cir. 1984). We held that "the Appeals Council did not adequately evaluate the additional evidence" and, citing earlier precedents, reasoned that "[w]e have previously been unable to hold that the Secretary's findings were supported by substantial evidence under circumstances such as these." Id. at 634. . . . After quoting sentence four of section 405(g) in full and discussing it at length, we concluded that a reversal of the final decision of the Commissioner was appropriate. We held that "the Appeals Council should have awarded Bowen disability insurance benefits," and we remanded to the district court "for entry of an order . . . that such an award be made." Id. at 637.

Ingram at 1263.

### DISCUSSION

In his decision, the ALJ found that the plaintiff "has the following severe impairments: degenerative disc disease of the lumbar spine, hypertension, panic disorder with agoraphobia, type II diabetes mellitus, osteoporosis,

polyarthralgias and history of rotator cuff injury . . . ." [R. 22]. The plaintiff testified that he suffers from pain in his feet, toes, knees, calves, hips, hands, fingers and right shoulder. [R. 322]. Because of this pain and neuropathy, he "can only walk slow [sic] for just a very limited time. . . ." [R. 324]. He testified to having problems with concentration and memory. [R. 325]. At the hearing, the plaintiff testified that his pain level was five on a scale of one to 10, but that when he is moving or bending, he would rate the pain at eight. [R. 329]. The plaintiff said he suffered from panic attacks, but these attacks were "very rare" now that he was not working. [R. 326-327].

The ALJ found that the plaintiff met the first part of the Eleventh Circuit's pain standard, but that the plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." [R. 26]. The ALJ found that the "evidence shows that while the claimant may have some limitations as a result of his back pain and osteoarthritis, he is still clearly capable of performing some types of work activity." [Id.]. The ALJ noted that the plaintiff drove himself to the hearing. "This activity is inconsistent with his assertion of back pain so severe that it rates an 8 on a pain scale of 1 to 10." [Id.]. Therefore, the ALJ concluded the plaintiff's osteoarthritis and back pain are not disabling conditions. This conclusion does not take into account plaintiff's diabetic neuropathy. The ALJ's reasons for discrediting the plaintiff's pain

testimony are not supported by substantial evidence.  Therefore, his pain testimony must be taken as true.

On August 9, 2006, the plaintiff underwent a consultative psychological examination at the request of the Commissioner.  John R. Haney, Ph.D, reported the plaintiff having sporadic "anxiety attacks" developing in 1997 after the death of his father.  [R. 179].

> He said that the last one happened two weeks ago, describing such symptoms as blood pressure increasing and becoming quite "fidgety", and feeling like he is about to die.  He also reported that in general he feels quite anxious.  He denied other physical or emotional problems.  He . . . also has been seeing a psychiatrist for the past six years.  Mr. Dunn will probably require further medical assessment and treatment for multiple physical problems.  He also may need continued treatment for chronic generalized anxiety disorder.  The patient's ability to function in most jobs appeared <u>moderately to severely impaired</u> due to the patient's physical and emotional limitations.  The patient's condition will probably remain unchanged in the next six to twelve months.  All of the patients' statements were regarded as truthful.

[R. 179, 181](emphasis added).  Dr. Haney diagnosed Panic Disorder without agoraphobia, and Possible Generalized Anxiety Disorder.  [R. 181].

The ALJ gave "little weight to the opinion of Dr. Haney as it is inconsistent with other medical evidence of record and is based solely on the claimant's subjective complaints."[1]  [R. 27].  This conclusion is not supported by

---

[1] Rather, the ALJ gave significant weight to the opinion of Will R. Crouch, M.D., who performed a consulting physical examination on behalf of the Commissioner.  [R. 27].  Although Dr. Crouch diagnosed chronic right shoulder pain, chronic low back pain due to degenerative disc disease, poorly controlled hypertension, diabetes mellitus, and polyarthralgias due to osteoarthritis, the ALJ's reliance on Dr. Crouch's opinion in

(continued...)

substantial evidence. In fact, treatment records from Alabama Psychiatric Services from April 21, 2006, to December 22, 2006, show that despite being on Lexapro and Ativan, the plaintiff described "stress" that results in ongoing turmoil and family problems. [R. 218-221]. Although acknowledging the plaintiff as a "poor candidate for therapy," his psychiatrist recommended continued counseling with a therapist. [R. 219]. By December 22, 2006, the plaintiff's psychiatrist had increased his Lexapro dosage, acknowledging that the increase was above the standard dose. [R. 218]. Dr. Haney's opinion is entirely consistent with his own examination and with the plaintiff's psychiatric treatment notes. Moreover, Dr. Haney is the only psychologist of record to give an opinion. Had the ALJ given proper weight to the opinion of Dr. Haney, he would have found the plaintiff to have moderate to severe limitations based on his Panic Disorder and Generalized Anxiety Disorder. Additionally, the ALJ's failure to consider all of the plaintiff's impairments in combination renders his decision not based upon substantial evidence.

      Although reversal of this case is warranted, remand would also be proper because of the existence of new and material evidence. The plaintiff submitted additional treatment notes to the Appeals Council. Plaintiff's attorney

---

[1] (...continued)
determining that the plaintiff had the residual functional capacity to perform a less than full range of light work did not have the further benefit of medical evidence presented to the Appeals Council, as stated below.

has requested in the alternative that this action be remanded for proper consideration of that evidence.

Claimants are permitted to submit new evidence at each step of the review process, 20 C.F.R. § 404.900(b) ("In each step of the review process, you may present any information you feel is helpful to your case.  [W]e will consider at each step of the review process any information you present as well as all the information in our records.").  The Appeals Council is required to consider the entire record, "including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b); Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994).

To be material the proffered evidence must be "relevant and probative so that there is a reasonable possibility that it would change the administrative result."  Caulder, at 877.  A review of the evidence submitted to the Appeals Council demonstrates that it meets all of the requirements of the regulations for consideration by the Appeals Council.  Because the Appeals Council actually considered the evidence, [R. 1D-4] the court will only review whether the Appeals Council committed reversible error in refusing to review the plaintiff's case in light of that evidence.  The Regulations require the Appeals council to "review the case if it finds that the administrative law judge's action,

findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b).

Despite the ALJ's conclusion that the plaintiff's diabetes mellitus is "controlled with medication," [R. 26], additional medial evidence submitted to the Appeals Council shows otherwise. These medical records, which the ALJ did not have the benefit of reviewing, indicated that on June 7, 2007, the plaintiff complained of knee, hip and lumbar pain. [R. 281]. By October 18, 2007, the plaintiff complained that his feet and calves were getting worse, and his physician's diagnosis now included diabetic neuropathy. [R. 275]. On January 8, 2008, the plaintiff's medications were continued despite his uncontrolled diabetic neuropathy. [R. 272]. These additional medical records support the plaintiff's claim of severe and debilitating limitations related to his impairments Therefore, the Appeals Council committed reversible error in failing to either review the plaintiff's case or to remand it for further proceedings.

The vocational expert testified that "pain that interrupts concentration and causes an individual to cease or fail to complete tasks precludes all work activity." [R. 340]. Taking the plaintiff's pain testimony as true, and considering the plaintiff's impairments in combination, the ALJ's conclusion that the plaintiff can perform a less than full range of light work is not supported by substantial evidence.

## CONCLUSION

The Commissioner failed to carry his burden at step five of showing the plaintiff could perform other work. Accordingly, the plaintiff is disabled within the meaning of the Social Security Act. An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED 1 October 2009.

---
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.